# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § Civil Action No. 4:16-CV-137 |
| v. | § (Judge Mazzant/Judge Johnson) |
| | § |
| ANGELA G POWELL, | § |
| | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 2, 2017, the report of the Magistrate Judge (Dkt. #37) was entered containing proposed findings of fact and recommendations that *pro se* Defendant's Motion to Appoint Counsel (Dkt. #35) be denied. Having received the report of the Magistrate Judge (Dkt. # 37), having considered each of Defendant's timely filed objections (Dkt. #42), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. # 37) as the findings and conclusions of the Court.

### BACKGROUND

On February 13, 2017, the Court entered a Memorandum Adopting Report and Recommendation of United States Magistrate Judge (Dkt. #30). On February 15, 2017, the Court amended the Memorandum Adopting finding that Plaintiff's Motion for Summary Judgment is granted (Dkt. #32). On that same day, the Court filed an Amended Final Judgment awarding Plaintiff judgment (Dkt. #33). Defendant filed a motion for the Court to appoint counsel on February 27, 2017 (Dkt. #35).

## ANALYSIS

The Magistrate Judge recommended Defendant's motion be denied because Defendant filed her motion after the Court entered a final judgment and because Defendant failed to give authority for any basis as to why the Court should appoint her counsel (Dkt. #37 at 1). Instead, Defendant merely states that counsel is "necessary to ensure a defendant's fundamental rights are not unfairly compromised or that [the defendant is] denied due processes." *Id.*

Defendant objects that she sent her motion before any ruling or amended report was made and filed (Dkt. #42 at 2). Even if the Court would have received the motion before the Court entered final judgment, however, Defendant has no right to the automatic appointment of counsel. *See Hall v. Menzina*, 24 F.3d 239, 239 (5th Cir. 1994) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). The appointment of counsel is unnecessary unless a case presents "exceptional circumstances." *See Menzina*, 24 F.3d at 239 (citing *Ulmer*, 691 F.2d at 212-13). Defendant has not made the required showing that appointment of counsel is necessary because: (1) the issues of her case are complex; and (2) she is unable to represent herself adequately. *See Menzina*, 24 F.3d at 239 (citing *Hulsey v. Texas*, 929 F.2d 168, 172 (5th Cir. 1991)). Although the Court is sympathetic for Defendant's health issues, which Defendant describes as major depressive disorder and anxiety (Dkt. #42), this is not an adequate basis for the Court to appoint counsel at this stage in the case.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Defendant's timely filed objections (Dkt. #42), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #37) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's Motion to Appoint Counsel (Dkt. #35) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 4th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE